**Yan Qui LIU, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

**No. 02–4367.**

United States Court of Appeals, Second Circuit.

Feb. 16, 2005.

Yong Wang, New York, NY, for Petitioner.

Diane Gujarati, Assistant United States Attorney (David N. Kelley, United States Attorney, Southern District of New York, Sara L. Shudofsky, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

PRESENT: WALKER, Chief Judge, HALL, and JOHN R. GIBSON,* Circuit Judges.

* The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY ORDER

Petitioner Yan Qui Liu seeks review of a July 8, 2002, Board of Immigration Appeals ("BIA") order summarily affirming a February 19, 1999, immigration judge ("IJ") decision denying Liu's application for asylum and withholding of removal and ordering him removed from the United States. In his petition, Liu argues that (1) the IJ erred in determining that Liu had not presented sufficient evidence of past persecution such that he was entitled to receive asylum in the United States; and (2) the BIA erred in summarily affirming the IJ's decision. Familiarity with the facts and procedural history is assumed. We affirm and deny Liu's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of deportation under a "substantial evidence" standard, *see id.* at 306–07, upholding them where "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (internal quotation marks omitted). Pursuant to this standard, where a petitioner challenges the sufficiency of the IJ's factual findings, we will "reverse only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Id.* We accord "particular deference" to the IJ's credibility determinations. *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

In her decision, the IJ pointed to numerous inconsistencies in Liu's testimony and submissions that supported her rejection of Liu's claim for asylum. Among these were his failure, during direct testimony, to mention that his wife had received an abortion (as he had previously claimed in a sworn statement) at the same time she was allegedly forcibly sterilized by the Chinese authorities, despite being asked to recount the incident several times. The IJ also correctly noted that Liu had not submitted an original marriage certificate or corroborating letter from his wife, despite having resided in the United States for the last nine years, and had not adequately explained why he had not obtained either document. Nor, for that matter, had Liu submitted any other validly authenticated documents substantiating his claim. Finally, the IJ based her decision on country background information issued by the U.S. Department of State indicating that China did not promulgate its family-planning policy until 1979. Liu asserted that forcible birth control had been imposed on his wife two years prior to this date, in 1977. In the absence of any convincing evidence or testimony supporting Liu's claim, the IJ was entitled to rely on these findings, in addition to her assessment of Liu's demeanor during testimony, in reaching her decision.

We have carefully considered Liu's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DENIED.